JEFFREY TURNER,

        Plaintiff,

        v.                             Case No. 26-cv-0361

FOX LAKE CORRECTIONAL INSTITUTION,
WISCONSIN DEPARTMENT OF CORRECTIONS,
B.G., MS. DAHM, B. JAZDZEWSKI, M. MEISNER,
K. FUERSTENAU, MICHAEL FELTON and
MYKAYLA WADE,

        Defendants.

# SCREENING ORDER

Plaintiff Jeffrey Turner, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Turner's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Turner has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Turner has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $154.54. Turner's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Turner believes that his future release date has been miscalculated. He has raised his concerns to numerous people, and each has responded by explaining why the calculation is correct. Turner is unconvinced. While not entirely clear, it appears that Turner believes he was not credited the time he spent in jail from October 23, 2001 through February 21, 2002 before he was sentenced is *Wisconsin v. Turner*, Eau Claire County Case No. 2001CF309. He also believes he was not credited 143 days from November 24, 2023 through April 15, 2024, which is the time he spent in jail pending his transfer to prison following revocation of his extended supervision.

### THE COURT'S ANALYSIS

Turner is currently incarcerated, so he may not pursue a claim under §1983 that his future release date has been improperly calculated because a decision in his favor would necessarily

2

require an earlier or immediate release. The Supreme Court has explained that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Accordingly, as long as Turner is still incarcerated, his sole avenue to relief is via habeas corpus. *See Riley v. Hughes*, No. 24-cv-1656, 2024 WL 3949444, at *3 (S.D. Ill. Aug. 27, 2024) (holding that current prisoner could not use §1983 to challenge failure to properly credit pretrial credit); *Williams v. Jefferson*, No. 21-cv-1501, 2022 WL 523726, at *1 (S.D. Ill. Feb. 22, 2022).

Turner is reminded that he should present his claim to the Wisconsin courts before he pursues relief in federal court via a habeas corpus action. If he fails to exhaust his state court avenues for relief, his habeas petition is subject to dismissal. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The Court further notes that, according to state court records for *Wisconsin v. Turner*, Case No. 2001CF309, Turner received 261 days of sentence credit against his initial fifteen-year term of incarceration (which began on February 21, 2002) to account for the time he spent in jail prior to sentencing. Also, as explained in the documents Turner attached to his complaint, he received credit for the most recent time he was at jail prior to being revoked and transferred to prison (November 24, 2023 through April 15, 2024, or 143 days). Turner received a total credit of 193 days (which includes the 143 days plus other days he was incarcerated during his extended supervision). That is why, when calculating his release date, his custody date is considered May 11, 2023, rather than November 24, 2023, which is the date he was *actually* taken into custody prior to his revocation. Dkt. No. 1-1 at 12-13.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Here, the only option for Turner is to pursue relief in a habeas corpus action, so it would be futile to allow him to file an amended complaint.

**IT IS THEREFORE ORDERED** that Turner's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the relief Turner seeks is not available in a §1983 action.

3

**IT IS FURTHER ORDERED** that the agency having custody of Turner shall collect from his institution trust account the $195.46 balance of the filing fee by collecting monthly payments from Turner's prison trust account in an amount equal to 20% of the preceding month's income credited to Turner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Turner is transferred to another institution, the transferring institution shall forward a copy of this Order along with Turner's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin this 16th day of April, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.